**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DJANIKUL KARIMOV, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-639-J |
| | ) | |
| SCARLET GRANT, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## <u>ORDER</u>

Petitioner Djanikul Karimov, a citizen of Uzbekistan, is currently in the custody of Immigration and Customs Enforcement. He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Petition) seeking release, or in the alternative, a bond hearing. The matter was referred to United States Magistrate Judge Amanda L. Maxfield consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Maxfield issued a Report and Recommendation [Doc. No. 11] recommending that the Court: (1) grant the Petition in part and order Respondents to provide Petitioner with an individualized bond hearing, as required under 8 U.S.C. § 1226(a) and due process, within seven days or otherwise release him; (2) require the Government to bear the burden at the bond hearing to prove by clear and convincing evidence that Petitioner is either a flight risk or a danger to the community to justify continued detention; and (3) order Respondents to certify compliance within ten days. Respondents did not file an objection.[1]

Upon review of the Report and Recommendation, and in light of the conclusion of this Court, and indeed most courts in this circuit and nationwide, that § 1226(a) controls in this situation, *see Rawal v. Figueroa*, No. CIV-26-354-J, 2026 WL 1232291, at *1 (W.D. Okla. May 5,

---

[1] The deadline to file objections to the Report and Recommendation was May 22, 2026. [Doc. No. 11 at 22].

2026), the Court concurs with Judge Maxfield's finding that Petitioner is entitled to a bond hearing and Respondents' failure to provide one violates § 1226(a) of the Immigration and Nationality Act.

Judge Maxfield further recommends this Court should order the Government to bear the burden at the bond hearing to prove by clear and convincing evidence that Petitioner is either a flight risk or a danger to the community to justify continued detention.  [Doc. No. 11 at 12–20]. The Court finds that the issue of burden shifting is premature and not fit for adjudication at this stage.  A claim is not ripe for adjudication if it rests upon "'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–581 (1985) (citation omitted).  At this time, no immigration judge has conducted a hearing in Petitioner's case, much less allocated the burden of proof or applied the particular facts of this case to that evidentiary framework.  Accordingly, the Court declines to issue an advisory opinion instructing application of a particular burden of proof.  *See Rawal*, 2026 WL 1232291, at *1 (declining to prospectively order Immigration Judge to adhere to specific burden of proof at the bond hearing); *Singh v. Figueroa*, No. CIV-26-600-R, Doc. No. 13 at 2, n. 2 (W.D. Okla. May 1, 2026) (same); *Jalloh v. Garland*, No. CIV-22-908-R, 2023 WL 3690252, at *2 (W.D. Okla. May 26, 2023); *Bolus A. D. v. Sec'y of Homeland Sec.*, 376 F. Supp. 3d 959, 963 (D. Minn. 2019).

For the reasons above, the Report and Recommendation [Doc. No. 11] is ADOPTED IN PART and Petitioner's Petition is GRANTED in so far as it finds Respondents violated the INA. The Court, therefore, ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days of the date of this Order, or otherwise release Petitioner if he has not received the hearing within that period.  Respondents shall certify compliance within ten days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 28th day of May, 2026.

_____
BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE